## GEORGE HARNEY ET AL.
### v.
## D. K. LAURIE.

GUARANTY—BREACH OF WARRANTY—RETURN.—Appellant, in a letter introducing H. to appellee, guaranteed the payment of the purchase money of a sheller, if it worked satisfactorily, and in the contract between H. and appellee, the latter warranted the machine to do good work, and H. agreed if it did not, to return it. The machine did not work well and H. did not return it. *Held*, that the liability of appellants is not fixed because they failed to return the machine on the breach of warranty. As H. was purchasing the machine for himself and was not their agent, the promise made by him to return was his personal promise, not binding upon appellants. They are only bound by their contract.

APPEAL from the Circuit Court of Morgan county; the Hon. M. T. LAYMAN, Judge, presiding. Opinion filed September 21, 1883.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellant; that where one becomes guaranty or security for another, he is liable only so far as he has undertaken to be, and although there are other duties resting, by implication or express contract, on the principal, the surety is not responsible for the proper discharge of any of those duties beyond the strict letter of his undertaking, cited Brandt on Suretyship and

Guaranty, § 79; Phillips v. Singer M'f'g Co. 88 Ill. 305; Mix v. Singleton, 86 Ill. 194; Cooper v. The People, 85 Ill. 417; Field v. Rawlings, 1 Gilm. 581; Miller v. Stewart, 9 Wheaton, 680.

Mr. JAMES M. EPLER and Mr. E. G. WILSON, for appellee.

DAVIS, J. Appellants were partners in the corn trade at Franklin, and had corn there they wanted shelled, and H. S. Harmon was desirous of obtaining a job of shelling corn at that place. Harmon had an engine and appellants an old corn sheller which they did not consider of much use or value, but which Harmon believed he could make do good work, and he proposed to take the sheller and the engine and shell the corn for one cent per bushel. Appellants consented to this and the shelling was carried on until it became manifest the sheller was worn out and must be abandoned. Harmon then proposed that appellants should go his security for a new sheller and keep the price out of pay for shelling corn. Appellants agreed to this, but advised Harmon not to waste any more time on old shellers but to buy himself a good one, a Decatur sheller, while he was about it. Harmon, however, concluded that he had better purchase a second hand machine, which had been recommended to and would be warranted and sold to him by appellee, and appellants, to make good their promise to become security for Harmon, gave to him a letter of introduction to which was added the following: " If you sell Mr. Harmon a sheller and it works satisfactorily we will see that it is paid for."

In the contract entered into between Harmon and appellee, the latter warranted the machine to do good work, and Harmon agreed, if it did not, he would return it.

It was claimed the machine did not do good work and appellants refusing to pay for it, appellee brought suit and recovered a judgment against appellants of $160, the price agreed to be paid for it by Harmon.

The evidence clearly established the breach of warranty. The machine after its purchase could not be made to do good

work.   It failed to shell the corn properly, and in every respect failed to work satisfactorily.

It is claimed, however, by appellee, that the liability of appellants is fixed because they failed to return the machine on the breach of warranty. If, in the purchase of the machine Harmon was the agent of appellants, they would undoubtedly be bound by his acts and by his promise to return the machine if it failed to do good work; but the evidence preponderated very heavily that he purchased the sheller for himself alone and to earn money for himself by shelling corn for others, and that in no way was he the agent of appellants. In the absence of the relation of principal and agent existing between Harmon and appellants, the latter can only be bound by the contract they entered into with appellee, and that was that if appellee sold Harmon a sheller and it worked satisfactorily, they would see that it was paid for. Appellants, by the letter of introduction given to Harmon, became guarantors for the payment of the purchase money of the machine, if it worked satisfactorily.

The promise made by Harmon to return the machine if it failed to do good work was his personal promise, not binding on appellants. The evidence therefore did not justify the finding of the jury.

Some of the instructions given to the jury were calculated by their want of clearness to confuse and mislead the jury rather than to give them a clear idea of the law governing the case before them. For these reasons the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.